UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

DOUGLAS AGEE,                          }
                                       }
    Plaintiff,                         }
                                       }
v.                                     }   Case No.: 5:12-cv-2119-MHH
                                       }
CHUGACH WORLD SERVICES                 }
INC. and KONE, INC.,                   }
                                       }
    Defendants.                        }

## MEMORANDUM OPINION AND ORDER

      This is a personal injury action. Plaintiff Douglas Agee's neck was injured on June 9, 2010 when the elevator in which he was riding jerked. At the time of Mr. Agee's injury, defendant Chugach World Services, Inc. was contractually responsible for maintaining and repairing the elevator. Mr. Agee asserted a variety of state law claims against Chugach. Chugach moved for summary judgment on all of Mr. Agee's claims. (Doc. 40). The Court granted summary judgment on every claim except for Mr. Agee's negligent repair claim. (Doc. 54, pp. 17–19). Pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure, Chugach asks the Court to reconsider its denial of summary judgment on Mr. Agee's negligent repair claim. (Doc. 56). For the reasons stated below, the Court denies Chugach's motion for reconsideration.

When considering a summary judgment motion, the Court must view "the facts and reasonable inferences in the light most favorable to the non-moving party." *Hill v. Wal-Mart Stores, Inc.*, 510 Fed. Appx. 810, 813 (11th Cir. 2013). At summary judgment, the "moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Rule 56(c) states:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c).  Chugach contends that it met this initial burden because it "presented undisputed evidence establishing the elevator was operating safely and was not in a state of disrepair immediately prior to Mr. Agee's injury." (Doc. 57, pp. 4–5).

The Court respectfully disagrees.  Chugach carried its initial burden with respect to all of Mr. Agee's claims other than his negligent repair claim.  With regard to the negligent repair claim, Chugach simply made bald, conclusory

2

assertions like this one: "there is no evidence establishing the alleged malfunction of the elevator resulted from CWS's negligent maintenance or repair work." (Doc. 41, p. 2; *see also* Doc. 40, ¶ 1). Chugach repeatedly lumped maintenance and repair together in these conclusory statements, but when Chugach referred to "particular parts of materials in the record," those materials concerned Chugach's regular maintenance of the elevator. For example, Chugach pointed out that, "CWS's obligations with respect to elevator maintenance are set forth in subsections C.6.12.1.1.6 and C.6.12.3.9 of the Buildings and Structures Section of the ISS." (Doc. 41, p. 5) (quoting contract provisions). Chugach submitted "an elevator inspection checklist, which set forth in detail all the checks and maintenance tasks" that maintenance personnel provided on a monthly basis, and a page from the preventative maintenance log for the elevator. (Doc. 41, p. 7; Docs. 41-8, 41-9). Chugach provided expert testimony regarding the standard of care for routine maintenance. (Doc. 41, p. 18; Docs. 41-12, 41-13).

With respect to problems with the elevator that required repair, Chugach asserted only that it replied to requests for service calls in a timely manner and that there were no "no outstanding work orders for the elevator" at the time of Mr. Agee's injury. (Doc. 41, pp. 4, 17). Mr. Agee's negligent repair claim does not concern the speed with which Chugach's elevator technicians responded to reports of elevator malfunctions. Rather, Mr. Agee alleged:

> 26. Defendant Chugach breached that duty by negligently repairing and/or negligently failing to properly repair the elevator involved in Plaintiff's injury.
>
> 27. The breach of the duty by Defendant resulted in the elevator malfunctioning and suddenly falling and/or jerking or lurching while the Plaintiff was a passenger in the elevator and that falling/jerking/lurching incident resulted in the injuries sustained by the Plaintiff.

(Doc. 1, p. 8).

Chugach acknowledged that its elevator maintenance technicians "had to address several reported problems involving the north elevator from time to time," but the company referred to no materials in the record that provided information about the steps that Chugach took to address the problems. (Doc. 41, p. 8). Chugach submitted no repair records with its summary judgment materials. (Docs. 14-1 to 14-13). It submitted only a one-page log of work orders for the 12 months relevant to Mr. Agee's claim. (Doc. 41-5, pp. 4, 25). Chugach sent repair technicians to work on the elevator on June 9, 2010, and on June 10, 2010, yet the log reflects neither of these visits. (*Compare*, *e.g.*, Doc. 41-3, p. 11 & Doc. 45-7, p. 3 with Doc. 41-5, p. 25).[1] The log contains vague entries such as "check passenger elevator." (Doc. 41-5, p. 25). It provides no substantive information regarding repairs to the elevator.

---

[1] Jurors could reasonably infer from these gaps that Chugach's repair records are incomplete.

Chugach's expert offered no information regarding repairs made to the elevator during the time period relevant to Mr. Agee's accident.[2]  At best, through its argument, Chugach attempted to show that Mr. Agee "cannot produce admissible evidence to support" his negligent repair claim. (*See*, *e.g.*, Doc. 41, p. 8) ("**Repair Requests.** . . . Mr. Agee has no knowledge regarding any of the maintenance CWS performed on the north elevator and does not know any required maintenance activities that CWS failed to undertake. (Agee Depo., pp. 179:8-180:12).  Mr. Agee does not know the names of any of CWS's elevator mechanics and has no knowledge regarding any training they received. (Id. at pp. 186:19-187:4).") (bold in original).

Assuming for argument's sake that Mr. Agee's unfamiliarity with the maintenance performed on the elevator is enough to shift the burden to Mr. Agee on his negligent repair claim, Mr. Agee submitted an e-mail chain which addresses repairs Chugach made to the elevator.  The final e-mail in the chain indicates that Chugach replaced the hydraulic pump and motor on the elevator two months prior to Mr. Agee's accident, and an adjustable hydraulic valve was causing a rough start and needed to be adjusted after Mr. Agee's accident. (Doc. 45-7, p. 2).  Chugach moved to strike the e-mail chain from the record.  The Court denied the motion.

---

[2] Chugach chose to place an expert affidavit and an expert report in the record.  The Court may review these materials and note Chugach's expert's silence with respect to repairs made to the elevator, in contrast to the expert's discussion of preventative maintenance topics.

Chugach does not challenge the Court's ruling on the company's motion to strike. (Doc. 56).

On the record before the Court, Mr. Agee's negligent repair claim survives Chugach's motion for summary judgment. The Court expresses no opinion about whether Mr. Agee's negligent repair claim may survive a Rule 50 motion for judgment as a matter of law. That motion will be based upon the evidence in the record at trial.

Accordingly, the Court **DENIES** Chugach's motion for reconsideration. The Court directs the Clerk to please **TERM** Doc. 56.

**DONE** and **ORDERED** this November 6, 2014.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE